# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| GREGORIO SILIPO, | |
| Plaintiff, | CASE NO.: 9:21-cv-82550 |
| v. | |
| APPLE RECOVERY SERVICES CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

# COMPLAINT

NOW comes GREGORIO SILIPO ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of APPLE RECOVERY SERVICES CORP. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 as well as 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Palm Beach County, Florida, which is located within the Southern District of Florida.

5. Defendant is a third-party debt collector that claims to "specialize in consumer collections and the recovery of uncollected debts."[1] Defendant is a corporation organized under the laws of the state of Illinois with its principal office located at 26625 Butterfield Road, Suite 110E, Oak Brook, IL 60523.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representative, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, the subject debt stems from Plaintiff's purported past due payments in connection with an America Express ("AmEx") personal credit card.

10. Upon further information and belief, the subject debt was purportedly in default prior to making its way into Defendant's hands for collection.

11. On or about November 24, 2021, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff.

---

[1] https://www.applerecoverysvs.com/

12. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. The top right of the Collection Letter provides the following information regarding the subject debt:

```
Apple ID: ▉
Creditor: AMERICAN EXPRESS - CENTURION BANK
Account Number: ▉▉▉▉▉▉005
Balance: $14,424.46
```

14. However, in the body of the Collection Letter it states, "The above account has been purchased by Apple Recovery Services Corp."

15. Thereafter, the Collection Letter provides the disclosures required to be provided pursuant to 15 U.S.C. § 1692g (a)(3)-(5).

16. In addition to these disclosures, as the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g (a)(2).

17. Defendant's Collection Letter fails to indicate to Plaintiff the creditor to whom the subject debt is owed with sufficient clarity.

18. The Collection Letter does not identify the name of the creditor to whom the subject debt is owed.

19. Nor does Defendant's Collection Letter identify what entity placed the debt with Defendant.

20. Instead, the Defendant's Collection Letter represents that it is regarding an account that had been purchased by Defendant.

21. However, at the same time, the Collection Letter similarly advises that American Express-Centurion Bank ("American Express") is the Creditor of the subject debt.

22. As such, Plaintiff was confused and misled as to whether Defendant was the current creditor to whom the subject debt was owed, or if American Express is the current creditor of the subject debt – confusion exacerbated by Defendant's simultaneous representation that it was acting as a "debt collector" with regards to the subject debt.

23. Courts have repeatedly noted the extent to which words of ownership are insufficient to comply with a debt collector's obligations to clearly inform a consumer about to whom a debt is owed.

24. Defendant's collection letter was misleading and confusing to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiff guessing as to whom the subject debt was specifically owed.

25. Defendant's collection letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

26. Upon information and belief, Defendant intentionally structures its collection letters so as to deceive consumers into believing that entities with whom such consumers have had previous dealings are actively involved in the collection efforts engaged in by Defendant so as to distract consumers from its actual status as a debt purchaser – since Defendant knows that consumers are less willing to work with debt purchasers.

27. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure deprived Plaintiff of being able to intelligently respond to Defendant's collection letters upon a review of clear and accurate information – an underlying interest which is at the core of the FDCPA.

28. Plaintiff further detrimentally relied on Defendant's deficient disclosure as he spent otherwise valuable time trying to address the confusion created by Defendant's conduct, and further caused Plaintiff to question the legitimacy of Defendant's collection efforts.

29. Plaintiff suffered further concrete harm as a result of Defendant's conduct, including emotional distress stemming from the lack of clear information provided by Defendant, lost time, aggravation, and numerous violations of his federally protected interests to be provided clear substantive information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and reallages paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it is a business whose principal purpose is the collection of debts.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor *to whom the subject debt was owed* in the Collection Letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's Collection Letter fails to inform Plaintiff as to the identity of the creditor *to whom a debt is owed* with clarity.

    b.  **Violations of FDCPA § 1692g(a)(2)**

33. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

34. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the *current* creditor is, instead providing inconsistent representations which leaves open the question of precisely to whom the subject debt is owed. As such, Defendant's Collection Letter impermissibly leaves Plaintiff guessing as to whether Defendant or American Express is the creditor *to whom the subject debt is owed.* Such conduct caused Plaintiff direct and concrete harm and violates the FDCPA as a matter of law.

WHEREFORE, Plaintiff GREGORIO SILIPO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   d.  Enjoining Defendant from further contacting Plaintiff; and

   e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2021                           Respectfully Submitted,

<u>/s/ Alejandro E. Figueroa</u>
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext 120
alejandrof@sulaimanlaw.com